**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES H. LEGGETT,
ADC #115944                                                                              PLAINTIFF

5:13CV00180-JLH-JTK

CORIZON, INC., et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.      **Introduction**

Plaintiff Charles Leggett is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. (Doc. No. 2.)[1]  Plaintiff also seeks relief and monetary damages pursuant to the Americans with Disabilities Act (ADA), and asserts a state tort law claim for medical malpractice against Defendant Hubbard.  Defendants York, McKinney, Fallhowe, Floss and Keldie were dismissed on October 17, 2014, for failure to exhaust administrative remedies (Doc. No. 70).

Pending before the Court is Defendant Hubbard's Motion for Summary Judgment, together with a brief in support and statement of facts (Doc. Nos. 71-73).  Plaintiff filed a Response, brief in support, statement of facts, and affidavit (Doc. Nos. 75-78).

II.     **Second Amended Complaint** (Doc. No. 19)

---

[1]Plaintiff subsequently filed an Amended Complaint (Doc. No. 6) and Second Amended Complaint (Doc. No. 19).

Plaintiff alleges he injured his left foot and ankle on August 26, 2012, while playing softball in the Varner Unit recreation yard.  (Doc. No. 19, p. 4.)  He claims Corizon nurses refused him entry to the Infirmary at that time, and left him to sit outside on the hallway floor for twenty minutes, because no security officers were present. (<u>Id</u>., p. 5.)  A nurse examined him about an hour later, gave him an ace bandage and crutches, and told him he needed an x-ray.  (<u>Id</u>., p. 7.)  Three days later, x-rays were taken, but Plaintiff was denied pain medication.  (<u>Id</u>., pp. 7-8.)  A second x-ray was taken on September 5, 2012, and Plaintiff's request for pain medication again was denied.  (<u>Id</u>., p. 8.)  A doctor examined him on September 10, 2012, and diagnosed him with a left ankle fracture, but again denied Plaintiff pain medication.  (<u>Id</u>.)  He saw a specialist on September 12, 2012, who directed that his foot and ankle be placed in a cast.  (<u>Id</u>., p. 9.)

Plaintiff slipped and fell on a wet floor on September 28, 2012, causing his cast to split.  (<u>Id</u>.) On October 10, 2012, the specialist determined that his ankle was not healing correctly, and directed that Plaintiff be provided an air cast, which was ordered by the Infirmary.  (<u>Id</u>., pp. 9-10.)  Defendant Hubbard examined Plaintiff on October 11, 2012, told him the air cast was ordered, and denied pain medication.  (<u>Id</u>., p. 10.)  On November 16, 2012, x-rays were taken and Plaintiff complained to Corizon personnel that he had not received the air cast or pain medication.  (<u>Id</u>., p. 11.)  Defendant Hubbard again saw him on November 21, 2012, but ignored his complaint about pain and the air cast, which he never received. (<u>Id</u>.)

Plaintiff again complained of pain, swelling, and popping, in January, 2013, and Hubbard directed him to continue to wear the ace wrap.  (<u>Id</u>., p. 12.) In February, 2013, Plaintiff received an ankle brace ordered by Hubbard, but continued to suffer pain from the ankle which never properly healed.  (<u>Id</u>., p. 12.)

Plaintiff alleges Defendant Hubbard was deliberately indifferent to his serious medical needs

when she refused to order the air cast, refused to prescribe pain medication, refused to discuss test results and ignored his complaints of injury, swelling and pain.  (Id., p. 13.)  In the October 17, 2014 Order, the Court held that Plaintiff exhausted his remedies only with respect to his allegations relating to the air cast and pain medication, and that any other allegations should be dismissed (Doc. No. 70).

## III.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id

### A.   Defendant's Motion

Hubbard states Plaintiff's allegations against her do not support a constitutional violation, because he cannot prove that she acted with deliberate indifference to his serious medical needs. According to her Declaration, which is also based on a review of Plaintiff's medical records, she first

4

saw Plaintiff on August 28, 2012, and noted edema to the inner and outer aspect of his left ankle,. (Doc. No. 72-1, pp. 1, 6-7)  She applied an ace bandage wrap, ice pack, and crutches; issued a three-month prescription of Naproxen for edema and pain; wrote a lay-in script, and referred him immediately to a provider. (Id.)  Initial x-rays were taken on August 29, 2012, and the radiologist ruled out a fracture.  (Id, pp. 1, 8-9)  A second x-ray taken on September 5, 2012, showed a "minimally displaced oblique fracture through the base of the medial malleolus with intra-articular communication to the tibial plafond." (Id., p. 10)  Dr. Iko saw Plaintiff on September 10, 2012, gave Plaintiff a cast boot for stability, and referred him to an orthopedic physician.  (Id., pp. 11- 14)

Plaintiff was examined by the orthopedic physician, Dr. Crowell, on September 12, 2012. (Id., p. 13)  He confirmed the fracture and applied a short leg cast to Plaintiff's leg, gave him crutches, and instructed him not to place weight on his left ankle and foot.  (Id.)  Following two more x-rays, Plaintiff again saw Dr. Crowell on October 10, 2012, when Dr. Crowell recommended Plaintiff receive an air cast.  (Id., p. 20)  Hubbard saw Plaintiff the next day, requested that an air cast be ordered for him, and wrapped his ankle in an ace wrap.  (Id, pp. 2, 16-21)

An x-ray taken on November 16, 2012 showed a near complete healing of the fracture, and at his November 21, 2012 follow-up appointment with Dr. Crowell, the doctor told him to start bearing weight on his foot, with crutches.  (Id., pp. 23-24)  Hubbard saw Plaintiff on February 4, 2013, when he complained his ankle still hurt and was swollen.  (Id., p. 26)  Hubbard noted no edema of the ankle, continued Plaintiff on his current medications, and ordered an elastic ankle support.  (Id., p. 26)

Hubbard admits that Plaintiff never received the air cast she ordered for him on October 11, 2012, but states that she was no longer involved with the order once it was forwarded to the Health Service Administrator. (Id., p. 3) During the course of his treatment, however, Plaintiff received a

walking boot, plaster cast, crutches, Naproxen, ace bandage wrap and an elastic ankle sleeve. (Id.)

Dr. Robert Floss, the Associate Regional Medical Director for Correct Care Solutions, examined Plaintiff's records and concluded that "any ankle wrap would have provided adequate support to aid Mr. Leggett in ambulation." (Doc. No. 72-2, p. 1) He also concluded Leggett was provided appropriate pain management in the form of Naproxen, which is "a non-steroidal anti-inflammatory drug (NSAID), which works by reducing inflammation in the body which may also reduce pain." (Id., p. 2) He concluded the air cast was not medically necessary for Plaintiff, that the alternatives available were "more than satisfactory," and that Plaintiff's ankle completely healed. (Id.)

Based on the above, Defendant states Plaintiff cannot show that "the course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference in violation of the Eighth Amendment right to be free from cruel and unusual punishment." Dulany v. Carnahan, 132 F.3d at 1243. In addition, in the face of medical records which show that treatment was provided, and physician affidavits stating that the care provided was adequate, Plaintiff cannot create a question of fact by merely stating that he did not receive treatment. Id at 1240.

## B.      Plaintiff's Response

Plaintiff claims Hubbard "refused" to order the air cast, "refused" to prescribe pain-relief medication, "refused" to discuss test results and treatment options, and "ignored" complaints of renewed injury, swelling and pain. (Doc. No. 75, pp. 1-2.) He also claims she violated his right of informed consent, by failing to provide him with a reasonable explanation of alternative available treatments, citing White v. Napolean, 897 F.2d 103, 113 (3d Cir. 1990). Finally, he claims she committed malpractice by failing to use knowledge, skill and care ordinarily possessed and employed by a member of her profession in good standing.

C.      Analysis

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, supra, 132 F.3d at 1240.

In this case, there is no dispute of fact that Plaintiff was treated for an ankle fracture.  His

complaint with Hubbard concerns the failure to receive the air cast and her alleged refusal to provide him with pain medications.  Yet, Plaintiff does not dispute that Hubbard prescribed him with Naproxen.  In addition, although he claims in his Response that she "refused" to order him an air cast, the medical records show to the contrary.  (Doc. No. 72-1, p. 21) And, Dr. Floss concluded that the air cast was not medically-necessary, that the Naproxen was an appropriate method of managing pain, and that Plaintiff received appropriate care for his complaint of ankle pain. (Doc. No. 72-2, p. 2) Therefore, Plaintiff's complaints appear to be a dispute over the type of medical care and treatment provided by Hubbard, which is not a constitutional violation.

In addition, although he argues about a denial of informed consent and claims Hubbard "forced" certain treatments upon him (Doc. No. 76, p. 4), he does not claim that he asked her for alternative treatments, and he does not specify what alternatives should have been made available. In addition, all claims except the air cast and pain medication claims were dismissed by the Court's October 17, 2014 Order (Doc. No. 70).

Therefore, based on a review of the parties' briefs, the medical records, and declarations in support, the Court finds no dispute of material fact.  Plaintiff was treated by Hubbard and others for the ankle fracture and provides no evidence that Hubbard's treatment "so deviated from professional standards that it amounted to deliberate indifference...." Dulany, 132 F.3d at 1243.

### D.    Other claims

Given this Court's decision that Defendant did not violate Plaintiff's constitutional rights, it declines to exercise jurisdiction over Plaintiff's state law tort claim of medical malpractice. McLaurin v. Prater, 39 F.3d 982, 984-94 (8th Cir. 1994).  In addition, since Plaintiff has not named the Arkansas Department of Correction or State of Arkansas as Defendants, his claim based on the Americans with Disabilities Act (ADA) should be dismissed.  See United States v. Georgia, 546

U.S. 151 (2006) (where the court held that Title II of the ADA authorized suits by private citizens for money damages against **public entities** that violate the act.)

## IV.      Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's Motion for Summary Judgment (Doc. No. 71) be GRANTED.

2.      Plaintiff's constitutional and ADA claims against Defendant be DISMISSED with prejudice.

3.      Plaintiff's state law claim against Defendant be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 19th day of November, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE